PER CURIAM.
This suit was instituted by the appellants to have the deed transferring certain property of the St. Stephen’s Wesleyan Methodist Church to the African Methodist Episcopal Zion Church in America rescinded and cancelled. The appellants also prayed that the property, with all records, be transferred to them as the Board of Trustees of St. Stephen’s Wesleyan Methodist Church and that the appellees be restrained from interfering with the possession of said property.
In 1938, the property in question was deeded in trust to a Board of Trustees of and for St. Stephen’s Wesleyan Methodist Church. Subsequently a church was built on the property.
Dissension arose between two factions of the church and in 1940 a new Board of Trustees was elected which consisted of James J. Butler, Samuel Roberts, Aramin- *659 tha Nealey, Elisha Johnson, Joseph Roberts, Rosa Stubbs, and James Roberts. Suit was filed in the Circuit Court of Monroe County by this Board requesting that the church property be transferred to it. A final decree was entered in 1941 recognizing this board as The Board of Trustees of St. Stephen’s Wesleyan Methodist Church.
Four of these trustees died beween 1941 and 1950. Some time prior to 1952, Ari-mentha Nealey and Samuel Roberts joined the Seventh Day Adventist Church and ceased attending St. Stephen’s. Of the elected trustees, only James Butler, Pastor of Stephen’s, continued at the church.
In 1957, a new Board of Trustees was elected which consisted of James J. Butler, Rosa Allen, Plenrietta Smith, Marjorie Butler, and Frances Mumford, appellees herein. On May 1, 1957 this Board executed a warranty deed conveying the church property to themselves as Trustees of the African Methodist Episcopal Zion Church in America.
This suit was filed in the Circuit Court of Monroe County on November 26, 1963. The chancellor in his final decree denied the relief sought by the appellants after finding that the equities were with the appellees and recognizing the formation of the Board of Trustees elected in 1957. The chancellor further found that the appellants presented no evidence which would entitle them to the relief sought nor which would show that they are proper parties having an interest in the subject of the action and the relief demanded.
It is uniformly held that when a church is representative, republican or episcopalian in government, the church property, whether held by an express or an implied trust can not be diverted from the parent church by those who withdraw from it and form a separate denomination.[1]
The appellants allege in their complaint that St. Stephen’s Wesleyan Methodist Church was an integral part of St. Mary’s Westleyan Methodist Church which on August 16, 1962 was taken in by the United Christian Westleyan Methodist Church Conference, Inc., one of the appellants iru this action.
The appellees allege that St. Stephen’s was an independent church though admit it was affiliated with St. Mary’s.
The appellants presented no evidence which would indicate that St. Stephen’s was governed by the law and discipline of St. Mary’s at the time of the transfer of the property in 1957. Therefore, the chancellor was correct in determining that its successor, United Christian-Westleyan Methodist Church Conference,. Inc. has no interest in the subject of this, action and is not a proper party.
The remaining appellants, Ari-. mentha Nealey and Samuel Roberts admit, that they joined the Seventh Day Adventist. Church prior to 1957. These appellants can not, therefore, be considered minority members of St. Stephen’s. Withdrawal from a. church and uniting with another denomination is a relinquishment of all rights in-the church abandoned.[2] Nor have they re--tained their status as Trustees. The chancellor recognized the election in 1957 of a. new Board of Trustees which occurred prior to the conveyence of the property.
We have determined that the chancellor-was correct in finding that the appellants, have presented no evidence which would show that they or any of them are proper parties having an interest in the subject, matter of the action and the relief demanded.
Accordingly, the decree appealed is affirmed.
Affirmed.

. St. John’s Presbytery v. Central Presbyterian Church, Fla.1958, 102 So.2d 714.

. id.